IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN (COLUMBUS) DIVISION

| | |
|---|---|
| Brian Garrett,<br>Edward Gonzales,<br>Kent Kilgore,<br>Adam Plouse, and<br>John Does 1-35, individually and<br>on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>The Ohio State University,<br><br>      Defendant. | Civil Case 2:18-cv-00692-MHW-EPD<br><br><br>**JURY TRIAL DEMANDED** |

## MOTION FOR JOHN DOE PLAINTIFFS TO PROCEED ANONYMOUSLY

Plaintiffs, through their undersigned counsel, hereby move the Court for an Order permitting John Doe Plaintiffs 1-35 to proceed in this action with anonymity. In support of this motion, to which Defendant has no present objection, Plaintiffs state as follows:

1. This is a class action brought under Title IX by former male students of The Ohio State University ("OSU") who were sexually assaulted, battered, molested, and/or harassed by long-time OSU assistant professor and practicing physician Dr. Richard Strauss.

2. These plaintiffs claim that OSU fosters a sexually hostile culture and that it has

acted with deliberate indifference to sexual assault and harassment on campus in violation of Title IX. Specifically, Plaintiffs assert that OSU's failures have injured them and continue to injure them.

3. Although four of the plaintiffs have agreed to proceed in their own names, additional plaintiffs seek protection from publication of their names to preserve their anonymity. These plaintiffs are concerned, given the nature of the claims and the facts underlying these claims, that they will be subject to further humiliation, embarrassment, and emotional distress if their identities are revealed in public documents filed with this Court.

4. Ohio State has no objection to Plaintiffs' current request for anonymity, but reserves its right to revisit its position if subsequent developments merit it.

5. Generally, a complaint must state the names of the parties. Fed. R. Civ. P. 10(a). Certain exceptions exist, however, that permit Plaintiffs to proceed under pseudonyms. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In considering whether such an exception is justified, a court considers, among other factors that are not relevant here: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; and (3) whether defendants are being forced to proceed with insufficient information to present a defense. *Id.* at 560-61 (internal quotes omitted).

6. OSU is an arm of the state of Ohio, *Doe v. Ohio State Univ.*, 219 F. Supp. 3d

645, 653–54 (S.D. Ohio 2016), and receives federal funds that render it subject to the requirements of Title IX, *see, e.g.*, *Campbell v. Dundee Cmty. Sch.*, 661 F. App'x 884, 887-88 (6th Cir. 2016).

7. Matters of sexual assault and battery are of the utmost intimacy and this Court has previously afforded anonymity to plaintiffs on these grounds. *See A.M.S. v. Steele*, (S.D. Ohio 2011). Although the John Doe Plaintiffs proceed with pseudonyms, they support their allegations with factual details regarding their assault and harassment and OSU's action or inaction regarding the same. Moreover, because the details of Dr. Strauss's assaults and the identities of Dr. Strauss's individual victims are collateral, at best, to the merits of this case against OSU, Defendants will not be prejudiced by proceeding with anonymity.

8. Plaintiffs John Does 1-35 respectfully request that the Court enter a protective order permitting them to proceed in this case using only the designations of John Doe 1- 35 in all pleadings and documents to be filed of public record in this Court; requiring Plaintiffs' true names not to be disclosed to the Defendant, its attorneys, and those working for it, and to witnesses, unless Defendant establishes a need to know; and prohibiting the parties or their representatives from disclosing in pleadings or other documents filed with the Court the plaintiffs' names or identities.

Respectfully Submitted,

/s/ Simina Vourlis
Simina Vourlis
The Law Office of Simina Vourlis
856 Pullman Way
Columbus, OH 43212
(614) 487-5900
(614) 487-5901 fax
svourlis@vourlislaw.com

Rex A. Sharp
Ryan C. Hudson
Scott B. Goodger
Larkin Walsh
Sarah T. Bradshaw
REX. A. SHARP, P.A.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
rhudson@midwest-law.com
sgoodger@midwest-law.com
lwalsh@midwest-law.com
sbradshaw@midwest-law.com

Robert Allard
CORSIGLIA, MCMAHON AND ALLARD, LLP
96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
(408) 289-8127 fax
rallard@cmalaw.net

Jonathan Little
SAEED AND LITTLE, LLP
133 W. Market St. #189
Indianapolis, IN 46204
317-721-9214
jon@sllawfirm.com

Stephen Estey

ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

***COUNSEL FOR PLAINTIFFS***

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing document was filed and served, via the Court's CM/ECF system on January 16, 2019, on all counsel of record.

                                  By:    */s/ Simina Vourlis*_____
                                                 Attorney for Plaintiffs