**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN (COLUMBUS) DIVISION**

| | |
|---|---|
| Brian Garrett, Edward Gonzales, Kent Kilgore, Adam Plouse, and John Does 1-35, individually and on behalf of all others similarly situated, <br><br>  Plaintiffs, <br><br> vs. <br><br> The Ohio State University, <br><br>  Defendant. | <br><br><br><br><br><br><br> Civil Case 2:18-cv-00692-MHW-EPD <br><br><br><br> **CLASS ACTION** |

**STIPULATED PROTECTIVE ORDER**

**I.  INTRODUCTION**

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby request the Court to enter this Stipulated Protective Order.

In the course of discovery in this action, the parties may be required to produce information that constitutes, in whole or in part, confidential personal or private identifying information of victims of sexual abuse, former students, and employees.  The parties recognize that unrestricted disclosure of such confidential and private information may cause harm to the parties or non-parties.  The parties request entry of a Stipulated Protective Order to prevent unnecessary disclosure or dissemination of such confidential and private information, and have established good cause for entry of the Stipulated Protective Order.

## II.     SCOPE OF PROTECTED INFORMATION

The parties anticipate production of the following categories of protected information:

a. Personnel files and other personal information relating to Defendant and/or its employees, such as date of birth or home address; and

b. Personal information about Plaintiffs or other third parties provided with an expectation of confidence, including student educational, employment, personnel, medical, and/or mental health records, some of which would be protected by the Family Educational Rights and Privacy Act (FERPA) and/or the Health Insurance Portability and Accountability Act (HIPAA).

## III.    DESIGNATION OF PROTECTED INFORMATION

A.     <u>Scope:</u>   This Order governs the production and handling of any protected information this action.  Any party or non-party who produces protected information in this action may designate it as "Confidential" consistent with the terms of this Order.  "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed.  Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents.  Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action.  In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and S.D. Ohio Civ. R. 37-1.

B.      Application to Non-Parties: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

C.      Timing and Provisional Protection: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of fifteen (15) days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

Any Party may file designated information with the Court under a provisional seal of fifteen (15) days, during which the Designating Party shall file a motion to maintain the seal. Any Party objecting to the seal must file any objection within seven (7) days of the filing of a motion to maintain the seal.

D.      Manner of Designation: The producing party or non-party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the word "Confidential" (hereinafter "the marking") on the docu-

ment and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. For interrogatories, requests to admit or any other written responses to discovery requests, the Designating Party shall designate pages that contain Confidential information by stamping or labeling each page containing such matter with the marking. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as Confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

## IV.     CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ohio L.R. 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within fifteen (15) days. At all times, the Designating Party carries the burden of establishing good cause for the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any

Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## V. LIMITED ACCESS/USE OF PROTECTED INFORMATION

A. <u>Restricted Use:</u>  Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information. Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

B. <u>Access to "Confidential" Information:</u>  The parties and all persons subject to this Order agree that information designated as "Confidential" may only be accessed or reviewed by the following:

      1. The Court, its personnel, jurors, and court reporters;

      2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

      3.  The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has

signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; and

5. Any deponent (who will then be subject to this Order);

6. Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "Confidential" material to have authored or received it, or (b) who is specifically referenced by name and substantively discussed in the "Confidential" material;

7. Court reporter and/or videographer;

8. Other witnesses or persons with the Designating Party's consent or by Court Order.

C. <u>Review of Witness Acknowledgments:</u> At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party must, within 3 business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports

6

issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

D. Non-Waiver Effect of Designations:  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

E. In-Court Use of Designated Information:  This Protective Order does not control the use of Designated Information at court hearings or trial. If a party files a document under seal, it must comply with S.D. Ohio Civ. R. 5.2.1(a) and (unless excused by the Court) file a public-record version that excludes any Confidential information.

Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**VI. CLAW-BACK REQUESTS**

A. Failure to Make Designation:  If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute

production of the newly-designated information.  Within 10 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested,  destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges. It shall be understood, however, that no person, party, or non-party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of a belated designation.

## VII.    DURATION/CONTINUED RESTRICTIONS

A.    <u>Handling of Designated Information Upon Conclusion of Action</u>:   Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 30 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible.  No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic

copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order.  This provision does not apply to the Court or Court staff.

        B.      <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of confidential information survive the conclusion of this action.

Respectfully submitted:

| **For Plaintiffs:** | **For Defendant:** |
|---|---|
| /s/ Simina Vourlis | /s/ Michael Carpenter |
| Simina Vourlis | Michael H. Carpenter |
| The Law Office of Simina Vourlis | Timothy R. Bricker |
| 856 Pullman Way | David J. Barthel |
| Columbus, OH 43212 | Stephen E. Dutton |
| Tel. (614) 487-5900 | Carpenter Lipps and Leland, LLP |
| Fax: (614) 487-5901 | 280 Plaza, Suite 1300 |
| svourlis@voirlislaw.com | 280 North High Street |
|  | Columbus, OH 43215 |
| Rex A. Sharp | carpenter@carpenterlipps.com |
| Ryan C. Hudson | bricker@carpenterlipps.com |
| Scott B. Goodger | barthel@carpenterlipps.com |
| Larkin Walsh | dutton@carpetnerlipps.com |
| Sarah T. Bradshaw | |
| REX. A. SHARP, P.A. | |
| 5301 W. 75th Street | |
| Prairie Village, KS 66208 | |
| (913) 901-0505 | |
| (913) 901-0419 fax | |
| rsharp@midwest-law.com | |
| rhudson@midwest-law.com | |
| sgoodger@midwest-law.com | |
| lwalsh@midwest-law.com | |
| sbradshaw@midwest-law.com | |

**IT IS SO ORDERED.**

                                                      _____
                                                   Magistrate Judge Elizabeth A. Preston Deavers

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN (COLUMBUS) DIVISION**

Brian Garrett,
Edward Gonzales,
Kent Kilgore,
Adam Plouse, and
John Does 1-35, individually and
on behalf of all others similarly situated,

       Plaintiffs,

vs.                                            Civil Case 2:18-cv-00692-MHW-EPD

The Ohio State University,

       Defendant.

                                                     **CLASS ACTION**

---

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

---

**EXHIBIT A**

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Protective Order").  The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.  The undersigned further agrees to subject himself/herself to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern (Columbus) Division, regarding resolution of any matter pertaining to the Protective Order.

                                                                     _____
                                                                     (Name)

                                                                     _____
                                                                     Date