**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN GARRETT, et al., | : | |
| | : | Case No.: 2:18-cv-00692 |
| Plaintiffs, | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| THE OHIO STATE UNIVERSITY, | : | Chief Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |
| _____ | : | |
| | : | |
| STEVE SNYDER-HILL, et al., | : | |
| | : | Case No. 2:18-cv-00736 |
| Plaintiffs, | : | |
| | : | Judge Michael H. Watson |
| v. | : | |
| | : | Chief Magistrate Judge Elizabeth P. Deavers |
| THE OHIO STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

_____

### **AMICUS CURIAE BRIEF OF THE STATE MEDICAL BOARD OF OHIO**

_____

Respectfully submitted,

**DAVID A. YOST**
Attorney General of Ohio

/s/ *Melinda R. Snyder*
**MELINDA R. SNYDER** (0077852)
**KATHERINE J. BOCKBRADER** (0066472)
Assistant Attorneys General
30 East Broad Street, 26th Floor
Columbus, Ohio 43215-3400
Phone: (614) 466-8600
Facsimile: (866) 805-6094
Melinda.RyansSnyder@ohioattorneygeneral.gov
Katherine.Bockbrader@ohioattorneygeneral.gov
*Counsel for State Medical Board of Ohio*

## I. INTRODUCTION

Defendant, The Ohio State University ("OSU"), seeks an Order from this Court permitting OSU to publicly release information that it obtained from the confidential investigative files of the State Medical Board of Ohio ("Medical Board"). OSU's Motion seeks a blanket order allowing OSU to release whatever information its third-party investigative firm, Perkins Coie, finds relevant to the report it is generating, with redactions of information that would identify patients and complainants and witnesses who were not OSU employees.

The information sought to be released in this case contains highly personal medical information, including sexual orientation, sexually transmitted diseases, sexual dysfunction, and alleged sexual abuse that may or may not involve the plaintiffs in this lawsuit. The Medical Board's confidentiality statute prohibits releasing this information to the public in the manner proposed by OSU. The Medical Board therefore submits this amicus brief to provide the Court with an overview of the Board's statute.

The Board appreciates the opportunity to be heard on this issue, and asks the Court to deny the motion because OSU is requesting relief that is not permitted under the Medical Board's confidentiality statute, Ohio Revised Code § 4731.22(F)(5). OSU's request is not consistent with that statute, the decisions of the Supreme Court of Ohio interpreting the confidentiality statute, or the rights of individuals who have a confidentiality interest in the Medical Board's confidential investigation.

## II. ARGUMENT

As noted by OSU in its motion, the Medical Practice Act provides that information received by the Medical Board in an investigation is "confidential and not subject to discovery in any civil action." Ohio Rev. Code § 4731.22(F)(5).

The Medical Board is required to keep investigative information confidential pursuant to Ohio Revised Code § 4731.22(F)(5), but has the discretion to share investigative information with other governmental agencies that are prosecuting, adjudicating or investigating alleged violations of statutes or administrative rules. Ohio Rev. Code § 4731.22(F)(5). Pursuant to this provision, the Medical Board provided investigative information concerning Dr. Strauss to OSU's counsel at OSU's request, in order to assist with OSU's Title IX investigation. When the Medical Board shares confidential information with a government agency pursuant to this statute, the agency receiving the information must comply with the confidentiality provisions of the statute. Ohio Rev. Code § 4731.22(F)(5).

When the Medical Board provided its confidential investigative files to OSU, it included with the investigative files a letter to OSU's counsel, Porter Wright, explaining the parameters of the Medical Board's disclosure of confidential information to OSU. The letter stated as follows:

> The Medical Board has determined that you qualify as a government agency investigating alleged violations of statutes or administrative rules based on: (1) your representations and those of The Ohio State University and (2) your appointment by the Ohio Attorney General as Special Counsel to Ohio State related to the matter of the conduct of Dr. Richard H. Strauss during his employment with Ohio State from 1978 to 1998, and Ohio State's response to the conduct.
>
> This allows the Medical Board to give you the responsive records enclosed subject to the limitations imposed by R. C. 4731.22(F)(5) which states that:
>
>> **An agency or board that receives the information shall comply with the same requirements regarding confidentiality as those with which the state medical board must comply, notwithstanding any conflicting provision of the Revised Code or procedure of the agency or board that applies when it is dealing with other information in its possession. . . .**
>
> This means that Porter Wright cannot share the information with any third party. Further, it also means that this information cannot be disseminated in any public report or be turned over as a public record.

2

> As you are aware, we have communicated with Ohio State regarding interaction between Porter Wright and Perkins Coie related to these documents. Per our discussion with Ohio State, if Porter Wright wishes to share de-identified, background information with Perkins Coie as they complete their independent, external investigation of the Strauss allegations and [OSU's] response to those allegations, Porter Wright will obtain Medical Board approval for a specific background disclosure before it occurs.

(Dec. 4, 2018 Letter, Ex. 1) (emphasis in original). The Medical Board shared confidential information with OSU pursuant to Ohio Revised Code § 4731.22(F)(5) because OSU is a governmental agency investigating a violation of state or federal law. Perkins Coie apparently intends to include some of the confidential information that the Medical Board shared with OSU in its report, and OSU wants to publicly release that report. As a government agency receiving the confidential records for that purpose, OSU is subject to the confidentiality requirements of Revised Code Section 4731.22(F)(5).

The Supreme Court of Ohio has expressly recognized that under Revised Code 4731.22(F)(5), several groups have a privilege of confidentiality in the Medical Board's investigative files, including "patients, physicians who are under investigation, investigation witnesses, and any other persons whose confidentiality right is implicated by a Medical Board investigation." *State ex rel Wallace v. State Med. Bd.,* 89 Ohio St.3d 431, 436 (2000). Individuals who have a privacy interest in the Medical Board's files may waive their interests. *Mahajan v. State Medical Board of Ohio,* 127 Ohio St.3d 497, 2010-Ohio-5995, ¶ 37. While the Medical Board has its own interest in maintaining the confidentiality of its investigations, the Supreme Court of Ohio has held that, "the Medical Board cannot unilaterally waive others' privileges to confidentiality, because the Medical Board is not the holder of those privileges." *Wallace,* 89 Ohio St.3d at 436. Similarly, OSU cannot unilaterally waive the privacy interests of

patients, complainants, witnesses, or individuals whose names or highly sensitive private medical information is referenced in the Board's confidential investigative files.

### A. An employer should only be able to waive confidentiality for an employee/complainant if the employee filed the complaint at the direction of the employer.

OSU asserts that it can waive the privacy interests of its employees or former employees, because they were "acting in their official capacity as Ohio state employees, not as private individuals." (OSU Mot. at 8.) OSU is claiming that it can waive the confidentiality of a complainant if a complainant learned of the information they provided through OSU employment. But that cannot be the test for deciding who can waive confidentiality.

The confidentiality statute encourages people to report incidents to the Medical Board, and to provide candid information. Accordingly, the person who makes the choice to file a complaint with the Board must be the person to waive confidentiality, regardless of how they learned of the information. If a person with authority at OSU directed an individual to file a complaint with the Board, perhaps OSU could waive confidentiality for that report. But if an individual decides of their own volition to report something to the Medical Board, the authority to waive confidentiality rests with that person. This is particularly important if an individual is reporting something without the employer's knowledge, perhaps that the employer either told the employee not to report, or did not find significant enough to report. It would be the individual person who chose to reveal their knowledge to the Board and involve themselves in a Board investigation, knowing that the information was protected. It is that person who has a privacy interest, and that person who retains the authority to waive that interest, not the employer. The person with the confidentiality interest in the particular information at issue is the "holder of the privilege." *See Mahajan,* 2010-Ohio-5995, at ¶ 37. It should also be noted that some individuals

4

may have multiple types of privacy interests at stake. Some employees who were witnesses may also be individuals who were themselves the subject of a Board investigation. The Court must consider the scope of each individual witness's privacy interests before deciding whether OSU can waive those interests.

It is not clear from the Board's files whether all OSU employees who may be referenced in the Medical Board's investigative files were acting in their official capacities or under the direction of management at OSU. For OSU to waive confidentiality on behalf of any employee, OSU, must, at a minimum, provide evidence to the Court to establish that OSU directed its employees to provide the information to the Board. Otherwise, the choice to report was the employee's, not OSU's, and OSU should not be permitted to waive its employees' privacy interests. *Cf. Aljaberi v. Neurocare Ctr., Inc.,* 113 N.E.2d 40, 2018-Ohio-1800, ¶ 24-25 (employee cannot waive privilege held by corporate client). The person who made the choice and provided information should be the person who is protected. In the alternative, OSU can provide evidence showing that those employees wish to individually waive their privacy interests. OSU has reported that some witnesses do not wish to cooperate in OSU's investigation, so it would appear that those employees likely do not intend to waive confidentiality. (Apr. 19, 2019 Ltr. At 1, Ex. A to OSU Mot.) Without individual waiver or a determination that OSU can waive on behalf of each of its employees, OSU employees are entitled to the same privacy as other complainants or witnesses.

**B. OSU is asking for relief from this Court that is not provided for in the Medical Board's confidentiality statute.**

OSU's Motion asks for relief that goes beyond what is provided for in Section 4731.22(F)(5). There is a mechanism in the Medical Board's confidentiality statute that allows for judicial review of the Board's confidential information when a government agency seeks to

use the information in a judicial proceeding. The Medical Board's statute requires that a court take steps to protect confidential information. Specifically, the Medical Board's statute provides that:

> In a judicial proceeding, the information may be admitted into evidence only in accordance with the Rules of Evidence, but the **court shall require that appropriate measures are taken to ensure that confidentiality is maintained with respect to any part of the information that contains names or other identifying information about patients or complainants whose confidentiality was protected by the state medical board when the information was in the board's possession**. Measures to ensure confidentiality that may be taken by the court include sealing its records or deleting specific information from its records.

Ohio Rev. Code § 4731.22(F)(5). The Court has already requested that OSU submit for *in camera* inspection a copy of the completed Perkins Coie investigative report after it is delivered to OSU. (OSU Mot. at 3-4.) The Court can conduct an *in camera* review of the Board's confidential investigative information for use in this lawsuit as provided in Ohio Revised Code Section 4731.22(F)(5). But OSU's motion requests relief that goes beyond what is provided for in the statute.

By filing this Motion, OSU attempts to use this judicial proceeding to invoke the jurisdiction of this Court pursuant to the above portion of Revised Code 4731.22(F)(5) to release confidential information from the file to the public. Pursuant to this provision, this Court can determine whether and to what extent the information obtained from the Medical Board can be disclosed and used *in this lawsuit*.

However, OSU is asking this Court to issue an order permitting it to **publicly release** confidential information as a conclusion to its own investigation. Because the statute provides for review "[i]n a judicial proceeding, " OSU is asking for relief not provided for in Section 4731.22(F)(5). In addition, to the extent that OSU is seeking some sort of immunity by releasing

6

confidential information outside of this lawsuit and that may relate to individuals who are not a party to this lawsuit, that request goes beyond the statute as well.

Nor does it appear that OSU is asking the Court to take appropriate measures to keep the Board's investigative information confidential, as the statute requires. Rather, OSU is asking this Court to confer on it the authority to decide what information to publicly release and what appropriate redactions to make.

This would be a broad grant of authority, because OSU does not know at this point what information it will disclose from the Board's confidential files. According to OSU's motion, "the Perkins Coie investigation report apparently will rely upon and reference statements made by former Ohio State employee witnesses," but "the nature and extent of the reliance is unknown" because the report has not yet been completed. (OSU Mot. at 3.)

Thus, OSU is asking the Court to turn its statutory duty to protect the confidential information over to OSU. Conferring this power on OSU is not consistent with the Board's confidentiality statute that OSU agreed to uphold when it received the files from the Board. Under the Order requested by OSU, there would be no oversight by the Court to determine which of the witnesses have waived their confidentiality rights, or what information may legally be released. OSU, having invoked the jurisdiction of the Court, must allow the Court to conduct an *in camera* review and determine what information is protected, who, if anyone, has waived their confidentiality interests in the information, and what measures must be taken to protect any confidential information that is released.

For the Court to analyze the waiver issue, for instance, OSU must prove to the satisfaction of the Court that any individuals referenced in the Board's files waived their privacy interests, or at least that OSU is authorized to waive on their behalf because they provided

7

information to the Medical Board at the direction of OSU. The Court also needs to determine the scope of the waiver (e.g., whether it is admitted under seal, disclosed only to certain parties, etc.). And even if a witness consented to the release of a witness statement, if the statement discusses other individuals, the individuals mentioned would also need to consent before the complete statement could be released. Finally, to the extent that the Court concludes that information may be disclosed in this litigation, the Court should put protections in place regarding the confidential information in the records, to protect individual privacy interests.

### C. Public release of confidential information from the Board's investigation is not authorized under *Biddle v. Warren General Hospital.*

OSU asserts that public release of the file, including confidential information obtained from the Board, is authorized under *Biddle v. Warren Gen. Hosp.,* 86 Ohio St.3d 395, 402 (1999). (OSU Mot. at 8.) In *Biddle*, the Supreme Court of Ohio recognized a tort for unauthorized release of confidential medical information, but held that disclosure of medical information might be privileged if there is a statutory mandate or duty to disclose, or in "special situations . . . where disclosure is necessary to protect of further a countervailing interest which outweighs the patient's interest in confidentiality." *See* 86 Ohio St.3d at 935, paragraph two of the syllabus. *Biddle* involved the disclosure of information protected by physician-patient privilege, while this case involves both protected medical information and information made confidential under Ohio Revised Code Section 4731.22(F)(5). It does not appear that the balancing test in *Biddle* has been applied by any court to permit disclosure of information protected by Ohio Revised Code Section 4731.22(F)(5). Moreover, the Supreme Court of Ohio has held that the balancing test in *Biddle* "applies only as a defense to the tort of unauthorized disclosure of medical information." *Roe v. Planned Parenthood Southwest Ohio Region*, 122 Ohio St.3d 399 (2009), paragraph one of the syllabus.

8

### III. CONCLUSION

The Medical Board has worked diligently and candidly with OSU to give it the investigative documents it sought, within the confines of the Board's confidentiality statute. However, just as a patient's trust in a physician is the cornerstone of the medical profession, so too is a witness' trust that the Board will keep his or her intimate medical information confidential. Undermining that trust by allowing confidential information to be released to the public – regardless of how much time has passed – threatens to undercut the Medical Board's ability to fully investigate future cases. The Court may conduct an *in camera* review to determine what information from the Board's files may be used in this litigation with appropriate protections. OSU's motion to allow the Medical Board's confidential investigative information to be released to the public, however, should be denied.

        Respectfully submitted,

        **DAVID A. YOST**
        Attorney General of Ohio

        /s/ *Melinda R. Snyder*
        **MELINDA R. SNYDER** (0077852)
        **KATHERINE J. BOCKBRADER** (0066472)
        Assistant Attorneys General
        30 East Broad Street, 26th Floor
        Columbus, Ohio 43215-3400
        Phone: (614) 466-8600
        Facsimile: (866) 805-6094
        Melinda.RyansSnyder@ohioattorneygeneral.gov
        Katherine.Bockbrader@ohioattorneygeneral.gov

        *Counsel for State Medical Board of Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Amicus Curiae Brief of State Medical Board of Ohio* has been served upon the parties to this case through the Clerk's electronic filing system on May 7, 2019.

    *s/ Melinda R. Snyder*
MELINDA R. SNYDER (0077852)
Assistant Attorney General