UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian Garrett, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Civil Action 2:18-cv-692

Judge Michael H. Watson

Magistrate Judge Deavers

---

Steve Snyder Hill, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Civil Action 2:18-cv-736

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Defendant The Ohio State University ("Ohio State") moves the Court to enter an order "permitting Ohio State to publicly release portions of an independent investigation report which discuss information retrieved from files obtained from the State Medical Board of Ohio . . . ." Mot., ECF No. 70. Ohio

State suggests that it will redact certain information from the report, including the names of former patients and non-Ohio State complainants and witnesses. *Id.* at 1.

Ohio State asserts that release of this information is appropriate for several reasons that can be summarized as follows:

1. The statements made to the Ohio State Medical Board are an "'invaluable' and 'critical' source of information regarding Ohio State's knowledge of Dr. Strauss' conduct that is unavailable elsewhere."

2. "R.C. § 4731.22(F)(5) expressly authorizes the Court to take appropriate measures to maintain the confidentiality" of information in the Medical Board report.

3. Ohio State's proposed release of this information with redactions furthers the legislative purpose of R.C. § 4731.22(F)(5) of protecting the confidentiality of patients and persons who file complaints with the Medical Board.

4. "[A]ny interest in confidentiality in the State Medical Board files is outweighed by more important countervailing public interests."

Mot. 7–9, ECF No. 70.

The Class Plaintiffs do not oppose the motion "so long as the unredacted report is made available to the Court, to the Mediator, and to all Counsel of Record, under a 'Highly Confidential—Attorney's Eyes Only' designation." Class Pl. Resp. 1, ECF No. 77. The Mass Plaintiffs do not oppose the motion "as long as the . . . report (with these limited redactions) is made available to the

Court and all counsel of record two business days before it is publicly released." Mass Pl. Resp. 1–2, ECF No. 78. Ohio State opposes both sets of proposed conditions. Reply, ECF No. 84.

The State Medical Board, appearing as an *amicus curiae*, asks the Court to deny Ohio State's motion "because OSU is requesting relief that is not permitted under the Medical Board's confidentiality statute." Br. 2, ECF No. 79.

The statute cited by Ohio State in support of its request for an order permitting it to release the independent investigation report states the following:

> *In a judicial proceeding*, the information may be admitted *into evidence* only in accordance with the Rules of Evidence, but the court shall require that appropriate measures are taken to ensure that confidentiality is maintained with respect to any part of the information that contains names or other identifying information about patients or complainants whose confidentiality was protected by the state medical board when the information was in the board's possession. Measures to ensure confidentiality that may be taken by the court include sealing its records or deleting specific information from its records.

R.C. § 4731.22(F)(5) (emphasis added).

Ohio State is not, at least at this time, seeking to use the independent investigation report as evidence in this judicial proceeding. Instead, Ohio State wishes to release the report publicly in order to be transparent in its investigation. *See generally* Mot., ECF No. 70. While the Court believes transparency is a laudable goal in this matter, the Court is not in a position to grant Ohio State the

permission it seeks.   The Court can set the conditions under which Ohio State may use the independent investigation report as evidence in this judicial proceeding, but the Court will not weigh in on whether Ohio State can legally release the report publicly.   That matter is not for the Court to decide.

Ohio State's motion, ECF No. 70, is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**
