# THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRIAN GARRETT, et al., | |
| Plaintiffs, | Case No. 2:18-cv-00692 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Chief Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |
| DR. MARK CHRYSTAL, et al., | |
| Plaintiffs, | Case No. 2:19-cv-05272 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Chief Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |
| STEVE SNYDER-HILL, et al., | |
| Plaintiffs, | Case No. 2:18-cv-00736 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Chief Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |
| JAMES KHALIL, et al., | |
| Plaintiffs, | Case No. 2:19-cv-04902 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Chief Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |

| | |
|---|---|
| John Does 85-88, individually and on behalf of all others similarly situated, | ) )  ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| THE OHIO STATE UNIVERSITY, | |
| Defendant. | |

Case No. 2:20-cv-01648

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## MOTION FOR STATUS CONFERENCE TO CONFIRM THAT DEPOSITIONS OF OHIO STATE WITNESSES ARE PUBLIC

Plaintiffs in the above-referenced cases of *Snyder-Hill, et al. v. The Ohio State University*, number 2:18-cv-00736, *Khalil, et al. v. The Ohio State University*, number 2:19-cv-04902, *Garrett, et al. v. The Ohio State University*, number 2:18-cv-00692, and *Chrystal, et al. v. The Ohio State University*, number 2:19-cv-05272, and *John Does 85-88 v. The Ohio State University*, number 2:20-cv-01648 ("Plaintiffs") hereby request that the Court schedule a telephonic status conference at the earliest practical time. The purpose of the requested conference is to confirm that Plaintiffs may disclose non-confidential portions of certain witnesses' deposition transcripts in Plaintiffs' future filings in this case, including the Amended Complaint due on May 8. In support of this request, Plaintiffs state the following:

1. On July 26, 2019, Plaintiffs filed a Motion for Clarification (Dkt. 81) of the Court's May 24, 2019 Order permitting discovery (Dkt. 70) in which Plaintiffs requested leave to take the depositions of Dr. Ted Grace, Dr. John Lombardo, Dr. Trent Sickles, Dr. Forrest Smith, Dr. William Malarkey, and Dr. Roger Miller ("Non-Cooperative Witnesses") during the pendency of mediation. All are former employees of The Ohio State University ("OSU"). As grounds, Plaintiffs explained: (i) testimony from the Non-Cooperative Witnesses was material and necessary to the case; (ii) the Non-Cooperative Witnesses, all former OSU employees, refused to give substantive interviews to the Perkins Coie investigators; (iii) due to the age of the Non-

2

Cooperative Witnesses, Plaintiffs were at risk of losing the ability to procure any testimony from them for use at trial; and (iv) their testimony would assist all parties in engaging in the mediation process.

2. On August 23, 2019, the Court granted Plaintiffs' Motion for Clarification. (Dkt. 90) and authorized Plaintiffs to take the depositions of the Non-Cooperative Witnesses. The Court properly characterized these depositions as "limited discovery." *Id.* at 2.

3. The Court did not designate any of the depositions confidential, nor did Defendants request that any deposition be confidential. *Id.*

4. On October 9, 2019, Judge Barrett, in his role as mediator in this case, recommended that the deposition transcripts for the Non-Cooperative Witnesses remain confidential for the purposes of mediation.[1] Judge Barrett did not make any recommendation regarding the confidentiality of the transcripts in the context of litigation. As set forth below, after this Court reinstated the litigation on April 17, 2020 (Dkt. 151), Judge Barrett informed the parties in an April 29 teleconference that he is lifting his confidentiality recommendation for purposes of mediation.

5. Plaintiffs' counsel in each of the above-captioned actions collectively took the depositions of these six Non-Cooperative Witnesses between November 12, 2019 and February 12, 2020. Each witness was represented by his own counsel at his deposition. Defendant's counsel was present at each deposition, and all parties had the opportunity to question each witness as much or little as desired in order to preserve the witness's testimony. No deposition included any preface or stipulation that the testimony would be confidential or taken under seal by any counsel— including personal counsel for each witness.

---

[1] Specifically, Judge Barrett advised that "the depositions will be sealed in their entirety and marked 'HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY' (or other similar designation that comports with any Stipulated Protective Order entered by Judge Watson) while mediation is in process."

6. In each deposition, former OSU employees gave testimony relevant to the parties' claims and potential defenses, including Dr. Strauss' misconduct, OSU's notice of the sexual abuse at very high levels of the administration, OSU's deliberate indifference to Dr. Strauss' sexual abuse for decades, and Defendant's alleged statute of limitations defense.

7. Plaintiffs intend to cite the Non-Cooperative Witnesses' deposition testimony in their Amended Complaint due on May 8, 2020. It is material and relevant to Plaintiffs' case.

8. At present, the parties are only instructed to keep confidential any statement in the transcripts that cites portions of the Perkins Coie Report designated "Attorneys' Eyes Only." Only one of the Non-Cooperative Witnesses' deposition transcripts contains testimony referring to such protected statements, and Plaintiffs will not cite that testimony. Plaintiffs do not intend to cite **any** non-public sections of the Perkins Coie Report in their Amended Complaint, nor to name any sexual abuse survivor who has not publicly named himself. Plaintiffs also do not intend to cite any portions of the deposition that defense counsel or the witness's counsel designated confidential during the testimony.

9. The Court and the public should not be deprived of information relevant to the claims and defenses in this case, nor should they be deprived of sworn testimony of key OSU witnesses about this case. Further, at any stage of this case—a potential motion to dismiss, a potential summary judgment motion, and at trial—Plaintiffs expect to use the Non-Cooperative Witnesses' testimony.

10. OSU and its counsel have announced their intention to "commit[] to transparency" in these proceedings. Def.'s Motion for Order at 9 (Dkt. 70). The deposition testimony of these witnesses would further public transparency regarding OSU's role in facilitating Dr. Strauss's abuse, a goal OSU has previously professed to share.

4

11. It is Defendant's burden to show good cause why any of the Non-Cooperative Witnesses' deposition testimony should be confidential. Fed. R. Civ. P. 26(c)(1); *see also Oxymed, Inc. v. Lincare, Inc.*, No. 1:17-cv-349, 2018 WL 1322236, at *3 (S.D. Ohio Mar. 13, 2018) (party seeking protection bears the burden to establish that the contested material should be protected under Fed. R. Civ. P. 26); *Kondash v. Kia Motors Am., Inc.*, No. 1:15-cv-506, 2018 WL 770418, at *2 (S.D. Ohio Feb. 7, 2018), *aff'd*, 767 F. App'x 635 (6th Cir. 2019) ("[T]he proponent of closure bears the burden of showing that disclosure will work a clearly defined and serious injury."). OSU will not be able to meet this burden, as the public has a right to know of the role a public institution played in facilitating serial sexual abuse by one of its employees.

12. Defendant cannot make such a showing. There is no good reason why sworn testimony from former employees of a public university about key issues in this case should be kept from the Court, or be kept secret from the public.

13. On an April 29, 2020 telephone conference, Judge Barrett advised the parties that the Non-Cooperative Witnesses' deposition transcripts do **not** need to be confidential pursuant to any mediation privilege. However, Judge Barrett advised the parties to consult the Court before filing any public document citing the transcripts. Plaintiffs also offered OSU the opportunity to inform us whether they believed any particular portion of a deposition should be confidential. OSU declined to do so.

14. Given these circumstances, Plaintiffs respectfully request a telephonic court conference, or in the alternative a Court order, to confirm that Plaintiffs may disclose non-confidential portions of the Non-Cooperative Witnesses' deposition transcripts in any future public filings by any and all Plaintiffs, including the Amended Complaint **due on May 8**.

15. Plaintiffs have conferred with Defendant. Notwithstanding its alleged commitment to

transparency, Defendant does not agree with this motion. Defendant has not provided a basis for its position other than a belief that Judge Barrett's October 9, 2019 confidentiality recommendation governs the use of the transcripts in litigation, notwithstanding Judge Barrett's statements to the contrary during the April 29, 2020 teleconference.

DATED:  May 1, 2020          Respectfully submitted,

/s/
SCOTT E. SMITH (0003749)
Phil Judy
Scott Elliot Smith, LPA
5003 Horizons Drive, Suite 101
Columbus, Ohio 43220
Phone: 614.846.1700
Fax: 614.486.4987
E-mail: ses@sestriallaw.com
E-mail: brn@sestriallaw.com

/s/
Ilann M. Maazel*
Debra L. Greenberger*
Marissa R. Benavides*
EMERY CELLI BRINCKERHOFF
 & ABADY LLP
600 Fifth Ave, 10th Floor
New York, NY 10075
Phone: 212-763-5000
Fax: 212-763-5001
E-mail: imaazel@ecbalaw.com
E-mail: dgreenberger@ecbalaw.com

/s/
Adele P. Kimmel*
Alexandra Brodsky*
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

* Admitted *pro hac vice*

**COUNSEL FOR SNYDER-HILL AND KHALIL PLAINTIFFS**

/s/
Simina Vourlis
(Trial Attorney) #0046689
The Law Office of Simina Vourlis
856 Pullman Way
Columbus, OH 43212
(614) 487-5900
(614) 487-5901 fax
svourlis@vourlislaw.com

/s/
Rex A. Sharp
Ryan C. Hudson
Larkin Walsh
Sarah T. Bradshaw
SHARP LAW, LLP.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
rhudson@midwest-law.com
lwalsh@midwest-law.com
sbradshaw@midwest-law.com

Robert Allard
CORSIGLIA, MCMAHON AND ALLARD, LLP
96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
(408) 289-8127 fax
rallard@cmalaw.net

7

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

Daniel R. Karon (#0069304)
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel.: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
(610) 200-0580
(610) 421-1326
jgs@sstriallawyers.com

***COUNSEL FOR GARRETT AND CHRYSTAL PLAINTIFFS***

**CERTIFICATE OF SERVICE**

    A copy of this document was served by the Court's ECF System on all counsel of record on May 1, 2020, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

                                /s/  Debra. L Greenberger
                                Debra L. Greenberger