UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Brian Garrett, *et al.*,**

      **Plaintiffs,**             Lead Action 2:18-cv-692

      v.             Judge Michael H. Watson

**The Ohio State University,**             Chief Magistrate Judge Deavers

      **Defendant.**

## ORDER

Plaintiffs move for clarification regarding the use and disclosure of "non-confidential portions of certain witnesses' deposition transcripts" for use in future filings, including their Amended Complaint. Mot., ECF No. 152. Plaintiffs further represent that they will not cite to any portion of the Perkins Coie report designated "Attorneys Eyes Only" and will likewise refrain from citing the deposition transcript of one of the Non-Cooperative Witnesses' depositions whose identity is redacted in the Perkins Coie report. Mot. ¶ 8, ECF No. 152.

Defendant opposes this request and argues that all discovery was solely for the purposes of mediation and, thus, protected under the mediation confidentiality privilege. Resp., ECF No. 154. Defendant further argues that any promises by Plaintiffs to not cite to confidential portions of the deposition transcripts are meaningless because the depositions in their entirety have been designated as "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY." *Id.* at 5. Defendant also requests another stay of litigation in order to focus on mediation efforts.

The Court knows what it intended when permitting limited discovery, and, contrary to Defendant's assertion, it was never the intent that discovery conducted to facilitate mediation would need to be duplicated later for purposes of litigation. Although the Court has consistently instructed that discovery was to be limited and focused on what would be necessary to facilitate mediation, it never restricted the deposition testimony solely for use in mediation.

Accordingly, the Court **GRANTS** Plaintiffs' motion to use Non-Cooperating Witness deposition testimony in this litigation, subject to the limitations Plaintiffs agreed to in their Motion, ECF No. 152, and Reply 5–6, ECF No. 155.  Defendant's request for a renewed stay is **DENIED**.  Plaintiffs shall file their Amended Complaints **on or before May 27, 2020**.

The Court acknowledges Defendant's concern about Plaintiffs' potential use of confidential information, but simply designating something as confidential in discovery does not, in and of itself, prevent its use in litigation later or permit it to be filed under seal.  However, out of an abundance of caution, the Court instructs Plaintiffs to file their Amended Complaints **temporarily under seal**.  Defendant will have **FOURTEEN days** from those filings to raise with Chief Magistrate Judge Deavers any issues relating to sealing.

The Amended Complaints shall remain sealed pending Chief Magistrate Judge Deavers' rulings on any sealing issues, and she shall lift the seal if Defendant fails to raise any issues within the fourteen-day period.  Responsive pleadings and replies shall be filed within rule thereafter.

The Clerk is **DIRECTED** to give Plaintiffs sealed-filing access.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**


*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**