**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN GARRETT, et al., | ) | Case No. 2:18-cv-00692 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Deavers |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | _____ |
| | ) | |
| STEVE SNYDER-HILL, et al., | ) | Case No. 2:18-cv-00736 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Deavers |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S**
**RESPONSE TO THE COURT'S MAY 20, 2020 ORDER (DOC. 156)**
**REGARDING CONFIDENTIAL INFORMATION IN AMENDED COMPLAINTS**

Defendant The Ohio State University ("Ohio State") respectfully submits the following

response to the Court's May 20, 2020 Order (Doc. 156 in *Garrett*) in the above-captioned actions:

The Court's May 20, 2020 Order directed plaintiffs in the above-captioned actions to file

their amended complaints "**temporarily under seal**" "out of an abundance of caution" because of

Ohio State's "concern about Plaintiffs' potential use of confidential information" in plaintiffs'

amended complaints.  Order (Doc. 156 in *Garrett*) at 2.  The May 20, 2020 Order also stated

"Defendant will have **FOURTEEN days** from those filings to raise with Chief Magistrate Judge

Deavers any issues relating to sealing," and the "[t]he Amended Complaints shall remain sealed

pending Chief Magistrate Judge Deavers' rulings on any sealing issues, and she shall lift the seal

1

if Defendant fails to raise any issues within the fourteen-day period." *Id*.

On May 27, 2020, plaintiffs in both of the above-captioned actions filed their amended complaints under seal. *See* Consolidated Class Action Complaint (Doc. 157 in *Garrett*); Second Amended Complaint (Doc. 123 in *Snyder-Hill*). Ohio State has reviewed both amended complaints filed under seal. While Ohio State does not believe the *Garrett* amended complaint (Doc. 157) contains confidential information, Ohio State has identified three paragraphs in the *Snyder-Hill* amended complaint (Doc. 123)—paragraphs 237, 238, and 247—it believes arguably allege confidential information protected from public disclosure by R.C. § 4731.22(F)(5) and is therefore bringing these three paragraphs to the Court's attention out of an abundance of caution.

By way of background, the State Medical Board of Ohio (the "Medical Board") conducted investigations related to Dr. Strauss in 1996. R.C. § 4731.22(F)(5) establishes the confidentiality of these investigations. It provides that "a complaint, or information received by the board pursuant to an investigation . . . is confidential and not subject to discovery in any civil action." Clarifying the scope of this confidentiality, Section 4731.22(F)(5) requires the Medical Board to protect the confidentiality of complainants, and specifically prohibits the Medical Board from "mak[ing] public the names or any other identifying information about [] complainants unless proper consent is given[.]" R.C. § 4731.22(F)(5) also authorizes the admission into evidence of confidential information in a judicial proceeding, but requires the court to take "appropriate measures . . . to ensure that confidentiality is maintained with respect to any part of the information that contains names or other identifying information about [] complainants whose confidentiality was protected by the state medical board when the information was in the board's possession. Measures to ensure confidentiality that may be taken by the court include sealing its records or deleting specific information from its records."

The quote contained in paragraph 237 of the *Snyder-Hill* amended complaint is public information because it appears in the publicly available 1996 State Medical Board Report of Investigation. *See* https://governor.ohio.gov/wps/portal/gov/governor/media/news-and-media/083019 at page 46. However, to Ohio State's knowledge, the quote has not been publicly ***attributed to*** the individual named in paragraph 237 of the *Snyder-Hill* amended complaint because the individual's name is redacted from the publicly available 1996 State Medical Board Report of Investigation. *Id*. at 46. Therefore, the attribution of the quote to the individual named in paragraph 237 is arguably confidential information protected from public disclosure by R.C. § 4731.22(F)(5).

The quote contained in paragraph 238 of the *Snyder-Hill* amended complaint is from the deposition testimony of the individual named in paragraph 238 (who is the same individual named in paragraph 237). The named individual was expounding upon the quote in paragraph 237, discussed above. Therefore, paragraph 238 implicitly attributes the quote in paragraph 237 to the individual named in paragraph 238. The attribution of the quote in paragraph 237 to the individual named in paragraph 238 is arguably confidential information protected from public disclosure by R.C. § 4731.22(F)(5).

Finally, paragraph 247 of the *Snyder-Hill* amended complaint contains the same quote as paragraph 237. For the same reasons discussed above, the attribution of the quote to the individual named in paragraph 247 is arguably confidential information protected from public disclosure by R.C. § 4731.22(F)(5).

Ohio State has previously sought full disclosure of the Medical Board file(s) related to Dr. Strauss. *See* Defendant The Ohio State University's Motion and Reply in Support of Motion for Order Pursuant to R.C. 4731.22(F)(5) Regarding State Medical Board Files (Docs. 70 and 84 in

*Garrett*).  As previously discussed, R.C. § 4731.22(F)(5) authorizes public disclosure of names or other identifying information about complainants to the Medical Board only if proper consent is given.  There is no indication here of such consent.

Respectfully submitted,

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

By:    /s/ Michael H. Carpenter
       Michael H. Carpenter (0015733) (Trial Attorney)
       Timothy R. Bricker (0061872)
       David J. Barthel (0079307)
       Stephen E. Dutton (0096064)
       CARPENTER LIPPS AND LELAND LLP
       280 Plaza, Suite 1300
       280 North High Street
       Columbus, OH 43215
       E-mail: carpenter@carpenterlipps.com
              bricker@carpenterlipps.com
              barthel@carpenterlipps.com
              dutton@carpenterlipps.com

       Special Counsel for Defendant
       The Ohio State University

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on June 10, 2020.  Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this filing through the Court's ECF system.

/s/ Michael H. Carpenter
Trial Attorney for Defendant
The Ohio State University