UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brian Garrett, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Civil Action 2:18-cv-692
Judge Michael H. Watson
Magistrate Judge Deavers

---

Steve Snyder Hill, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Civil Action 2:18-cv-736
Judge Michael H. Watson
Magistrate Judge Deavers

---

Rocky Ratliff,

    Plaintiff,

v.

The Ohio State University,

    Defendant.

Civil Action 2:19-cv-4746
Judge Michael H. Watson
Magistrate Judge Deavers

---

Nicholas Nutter, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Civil Action 2:19-cv-2462
Judge Michael H. Watson
Magistrate Judge Deavers

**John Does 151-166,**

    **Plaintiffs,**

**v.**

**The Ohio State University,**

    **Defendant.**

**Civil Action 2:20-cv-3817**
**Judge Michael H. Watson**
**Magistrate Judge Deavers**

## OPINION AND ORDER

In its recent motion, Defendant represents that attorney Scot Smith served on Defendant a public records request, pursuant to Ohio Revised Code § 149.43. See, *e.g.*, ECF No. 182, Case No. 2:18-cv-692. According to Defendant, one of the documents that would be responsive to this request is a consulting agreement between OSU's counsel and the Special Master whom Defendant hired to facilitate its recently-established settlement program. *Id.* Defendant maintains that at least some of the consulting agreement is covered by attorney-client privilege. *Id.* Defendant moves this Court for an order (1) directing Defendant to provide to Mr. Smith an "Attorneys' Eyes Only" copy of the consulting agreement and (2) finding that the disclosure of the consulting agreement to Mr. Smith does not waive attorney-client privilege or the work product doctrine as to any other documents or communications related to the consulting agreement. *Id.* Plaintiffs object. See, *e.g.*, ECF No. 154, Case

Case No. 2:18-cv-692
Case No. 2:18-cv-736
Case No. 2:19-cv-2462
Case No. 2:19-cv-4746
Case No. 2:20-cv-3817

No. 2:18-cv-736.

Neither Plaintiff nor Defendant seeks, at least at this time, to use the consulting agreement in these judicial proceedings.   Instead, Defendant's motion is in response to a public records request.   State law governs the entirety of this public records request—including the process by which Defendant could properly object to producing the consulting agreement and by which Plaintiff could challenge that objection.   See Ohio Rev. Code § 149.43.   That state procedure, not a motion in this Court, is the proper venue for Defendant's request.   Accordingly, Defendant's motion is **DENIED**.   The Clerk is **DIRECTED** to terminate the following motions:

ECF No. 182, Case No. 2:18-cv-692;
ECF No. 153, Case No. 2:18-cv-736;
ECF No. 45, Case No. 2:19-cv-2462;
ECF No. 31, Case No. 2:19-cv-4746;
ECF No. 30, Case No. 2:20-cv-3817.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

Case No. 2:18-cv-692
Case No. 2:18-cv-736
Case No. 2:19-cv-2462
Case No. 2:19-cv-4746
Case No. 2:20-cv-3817

Page 3 of 3