**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN (COLUMBUS) DIVISION**

| | |
|---|---|
| Brian Garrett, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> The Ohio State University, <br><br> Defendant. | Civil Case 2:18-cv-00692-MHW-EPD <br><br> Judge Michael H. Watson <br><br> Chief Magistrate Judge Elizabeth P. Deavers <br><br> **CONSOLIDATED CLASS ACTION** |
| Michael Alf, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> The Ohio State University, <br><br> Defendant. | Civil Case: 2:21-cv-02542-MHW-EPD[1] <br><br> Judge Michael H. Watson <br><br> Chief Magistrate Judge Elizabeth P. Deavers <br><br> **CLASS ACTION** |

**PLAINTIFFS' CONSOLIDATED REPLY IN SUPPORT OF MOTION FOR RECUSAL
AND TO TRANSFER VENUE WITHIN THE DISTRICT PER 28 U.S.C. § 1404(b)**

---

[1] The captioned cases are related to Cases No. 18-cv-736-MHW-EPD; 19-cv-2462-MHW-EPD, 19-cv-4746-MHW-EPD, 19-mc-38, 20-cv-3817-MHW-EPD, 21-cv-2120-MHW-EPD, 21-cv-2121-MHW-EPD, 21-cv-2527-MHW-EPD, 21-cv-2542-MHW-EPD, 21-cv-2562-MHW-EPD, 21-cv-3838-MHW-EPD, 21-cv-4254-MHW-EPD, and 21-cv-4340-MHW-EPD.

1

There is no reading of 28 U.S.C. § 455 that allows Judge Watson to continue to oversee this case. Rather than acknowledge that black-letter law requires the Court's disqualification under the circumstances, OSU's over-the-top response – largely an ad hominem attack on Plaintiffs' counsel and a public relations effort – epitomizes its approach to this litigation as a whole: despite repeatedly vowing to "do the right thing," at every juncture OSU has consistently done just the opposite. Even now, its response desperately seeks to keep a judge who, under the law and the canons of judicial ethics, must recuse.

Judge Watson is no doubt an honorable, capable, and qualified jurist. But not for this case. Litigants must be able to depend upon judges and fact finders to be disinterested and unbiased when deciding matters related to a lawsuit. Impartiality is so critical that Congress prohibits even the appearance of impropriety as an objective requirement for the judiciary. 28 U.S.C. § 455(a). Both parties here, like all parties, are entitled to a neutral judge, one who has no disqualifying connections – actual or apparent, direct or indirect – to one of the litigants before it.

OSU avoids this fundamental tenet of the American civil justice system, however, and instead attempts to smear counsel and non-settling survivors in its filing, accusing them of making an "unwarranted attack" on the judiciary, highlighting rulings that have, in OSU's view, "benefitted Plaintiffs," and by arguing that any conflict was waived early on by Plaintiffs' failure to seek recusal upon the Court's initial disclosure in January 2019 that the Court (Watson, J.) worked as adjunct faculty and was then teaching at OSU's law school.

The fact is, at the initial hearing on January 17, 2019, Judge Watson did not simply disclose his potential conflict and inquire if the parties would prefer to have a judge with no connections to either party. Instead, Judge Watson disclosed his conflict and informed the parties that "every member of th[e] bench" had similar conflicts, and that he intended to stay on the case. Doc. 52,

Jan. 2019 Hrg. Tr. at 3:22-24. Regardless, and even if Plaintiffs' failure to raise an issue then constituted a waiver, Judge Watson only recently disclosed that his wife *also* had a business relationship with OSU and that such relationship pre-existed the litigation and continues today. Doc. 191, Sept. 2021 Hrg. Tr. at 8:20-21, 9:11-15. Credible news reports, first published in September 2021, suggest that both Judge Watson and his wife are being paid by the Defendant in this case, and an OSU spokesperson quoted in these reports confirms the same. See Docs. 193-3, 193-4.

Can a judge who, along with his wife, is being paid by one litigant, sit in judgment of another?  This question has already been answered by Congress, and the answer is a resounding "No." 28 U.S.C. § 455. Plaintiffs here, as well as Defendant, are entitled to have their case heard and decided by a judge with no disqualifying connections to either party. Such judges exist within this district. And in the interest of justice this case should be transferred to one of them.

Respectfully Submitted,

/s/ *Simina Vourlis*
Simina Vourlis
The Law Office of Simina Vourlis
856 Pullman Way
Columbus, OH 43212
(614) 487-5900
(614) 487-5901 fax
svourlis@vourlislaw.com

Rex A. Sharp
Larkin Walsh
Sarah T. Bradshaw
SHARP LAW, LLP
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
lwalsh@midwest-law.com

sbradshaw@midwest-law.com

Robert Allard
CORSIGLIA, MCMAHON AND ALLARD, LLP
96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
(408) 289-8127 fax
rallard@cmalaw.net

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

Daniel R. Karon (#0069304)
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel.: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
(610) 200-0580
(610) 421-1326
jgs@sstriallawyers.com

***COUNSEL FOR PLAINTIFFS***

4

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing document was filed and served, via the Court's CM/ECF system on September 21, 2021, on all counsel of record.

By: */s/ Simina Vourlis*
Attorney for Plaintiffs