**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN GARRETT, et al., | ) | |
| | ) | Case No. 2:18-cv-00692 |
| Plaintiffs, | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Chief Magistrate Judge Elizabeth P. |
| THE OHIO STATE UNIVERSITY, | ) | Deavers |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |
| | ) | |
| STEVE SNYDER-HILL, et al., | ) | Case No. 2:18-cv-00736 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |
| | ) | |
| NICHOLAS NUTTER, et al. | ) | Case No. 2:19-cv-02462 |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |
| | ) | |
| ROCKY RATLIFF, | ) | Case No. 2:19-cv-04746 |
| | ) | |
| Plaintiff, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. |
| | ) | Deavers |
| THE OHIO STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

JOHN DOES 151-166,                              )
                                                )     Case No. 2:20-cv-03817
                        Plaintiffs,             )
                                                )     Judge Michael H. Watson
v.                                              )
                                                )     Chief Magistrate Judge Elizabeth P.
THE OHIO STATE UNIVERSITY,                      )     Deavers
                                                )
                        Defendant.              )
_____ )
                                                )
JOHN DOES 172-191 AND JANE DOE 1,               )     Case No. 2:21-cv-02121
                                                )
                        Plaintiffs,             )     Judge Michael H. Watson
                                                )
v.                                              )     Chief Magistrate Judge Elizabeth P.
                                                )     Deavers
THE OHIO STATE UNIVERSITY,                      )
                                                )
                        Defendant.              )
_____ )
                                                )
JOHN DOES 192-217,                              )
                                                )     Case No. 2:21-cv-02527
                        Plaintiffs,             )
                                                )     Judge Michael H. Watson
v.                                              )
                                                )     Chief Magistrate Judge Elizabeth P.
THE OHIO STATE UNIVERSITY,                      )     Deavers
                                                )
                        Defendant.              )
_____ )
                                                )
MICHAEL ALF, et al.,                            )
                                                )     Case No. 2:21-cv-02542
                        Plaintiffs,             )
                                                )     Judge Michael H. Watson
v.                                              )
                                                )     Chief Magistrate Judge Elizabeth P.
THE OHIO STATE UNIVERSITY,                      )     Deavers
                                                )
                        Defendant.              )
_____ )

| | | |
|---|---|---|
| DR. MICHAEL B. CANALES, et al., | ) | |
| | ) | Case No. 2:21-cv-02562 |
| Plaintiffs, | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Chief Magistrate Judge Elizabeth P. |
| THE OHIO STATE UNIVERSITY, | ) | Deavers |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |
| | ) | |
| TIMOTHY MOXLEY, et al., | ) | |
| | ) | Case No. 2:21-cv-03838 |
| Plaintiffs, | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Chief Magistrate Judge Elizabeth P. |
| THE OHIO STATE UNIVERSITY, | ) | Deavers |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |
| | ) | |
| JOHN DOE, | ) | |
| Plaintiff, | ) | Case No. 2:23-cv-01048 |
| | ) | |
| | ) | Judge Michael H. Watson |
| v. | ) | |
| | ) | Chief Magistrate Judge Elizabeth P. |
| THE OHIO STATE UNIVERSITY, | ) | Deavers |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

## JOINT NOTICE

The parties in the above-captioned actions submit this Joint Notice pursuant to the Court's order at the July 6, 2023 status conference directing the parties to file a joint notice providing the Court with the following information: (1) which cases remain; (2) which plaintiffs remain in each case; (3) which claims were revived by the Sixth Circuit; (4) whether plaintiffs are pursuing post-assault or pre-assault/heightened risk theories of Title IX liability; and (5) whether cases should be coordinated or fully consolidated.  The parties state as follows:

1.     **The Remaining Cases.**  The parties agree that the 11 cases set out in the case caption of this Joint Notice are all of the cases that include at least one plaintiff whose claims have not settled.

2.     **The Remaining Plaintiffs.**  Ohio State asserts that the claims of 296 plaintiffs have settled.  The parties agree that the claims of the following 236 plaintiffs and putative class have not settled (listed in alphabetical order by last name and numerical order by Doe number):

    a.     **Sharp[1] Cases (79 Plaintiffs and putative class active):**

        i. *Garrett, et al., Case No. 2:18-cv-00692*

| | |
|---|---|
| (1) | Antognoli, John |
| (2) | Beedon, Roger |
| (3) | Chrystal, Dr. Mark |
| (4) | Davis, Joel |
| (5) | Gonzales, Edward |
| (6) | Kilgore, Kent |
| (7) | Plouse, Adam |
| (8) | Ritchie, Daniel |
| (9) | Schyck, Michael |
| (10) | John Doe 1 |
| (11) | John Doe 2 |
| (12) | John Doe 4 |
| (13) | John Doe 5 |
| (14) | John Doe 6 |
| (15) | John Doe 8 |
| (16) | John Doe 10 |
| (17) | John Doe 11 |
| (18) | John Doe 12 |
| (19) | John Doe 13 |
| (20) | John Doe 14 |
| (21) | John Doe 15 |
| (22) | John Doe 17 |
| (23) | John Doe 19 |
| (24) | John Doe 21 |
| (25) | John Doe 22 |
| (26) | John Doe 23 |
| (27) | John Doe 24 |
| (28) | John Doe 25 |

---

[1] Plaintiffs in these cases are represented by Sharp Law, LLP, The Law Office of Simina Vourlis, Estey & Bomberger LLP, Corsiglia, McMahon and Allard, LLP, Karon LLC and Sauder Schelkopf LLC.

| | |
|---|---|
| (29) | John Doe 27 |
| (30) | John Doe 29 |
| (31) | John Doe 30 |
| (32) | John Doe 31 |
| (33) | John Doe 32 |
| (34) | John Doe 33 |
| (35) | John Doe 35 |
| (36) | John Doe 36 |
| (37) | John Doe 37 |
| (38) | John Doe 38 |
| (39) | John Doe 39 |
| (40) | John Doe 40 |
| (41) | John Doe 41 |
| (42) | John Doe 42 |
| (43) | John Doe 43 |
| (44) | John Doe 44 |
| (45) | John Doe 45 |
| (46) | John Doe 46 |
| (47) | John Doe 48 |
| (48) | John Doe 50 |
| (49) | John Doe 51 |
| (50) | John Doe 53 |
| (51) | John Doe 56 |
| (52) | John Doe 57 |
| (53) | John Doe 58 |
| (54) | John Doe 59 |
| (55) | John Doe 61 |
| (56) | John Doe 62 |
| (57) | John Doe 64 |
| (58) | John Doe 69 |
| (59) | John Doe 75 |
| (60) | John Doe 77 |
| (61) | John Doe 85 |
| (62) | John Doe 86 |
| (63) | John Doe 88 |
| (64) | John Doe 89 |
| (65) | John Doe 90 |
| (66) | John Doe 91 |
| (67) | John Doe 92 |

**ii.  *Alf, et al.*, Case No. 2:21-cv-02542**

| | |
|---|---|
| (1) | Alf, Michael |
| (2) | Armstrong, Chris |
| (3) | Novakowski, Allan |
| (4) | Till, Gary |

3

(5)     John Doe 93
(6)     John Doe 94
(7)     John Doe 95
(8)     John Doe 96
(9)     John Doe 97
(10)    John Doe 99
(11)    John Doe 100
(12)    John Doe 101

**b.    Public Justice[2] Cases (107 total Plaintiffs active):**

*i.   Snyder-Hill, et al.*, Case No. 2:18-cv-00736

(1)     Avis, Gary (John Doe 28 in Second Amended Complaint)
(2)     Bechtel, Joseph
(3)     Brown, William
(4)     Faler, John David
(5)     Hatch, Steve
(6)     Huntsinger, Kurt
(7)     Khalil, James
(8)     McCoy, Matthew (John Doe 23 in Second Amended Complaint)
(9)     McDaniel, Ronald
(10)    Montgomery, Michael (John Doe 65 in Second Amended Complaint)
(11)    Mulvin, David
(12)    Murphy, Michael
(13)    Reed, Kelly
(14)    Rieffer, William
(15)    Robinson, Melvin
(16)    Schriner, Robert (John Doe 50 in Second Amended Complaint)
(17)    Snyder-Hill, Steve
(18)    Solomon, Jerrold L.
(19)    Wells, Douglas
(20)    John Doe 1
(21)    John Doe 2
(22)    John Doe 3
(23)    John Doe 4
(24)    John Doe 5
(25)    John Doe 6
(26)    John Doe 7
(27)    John Doe 8
(28)    John Doe 9
(29)    John Doe 10
(30)    John Doe 11

---

[2] Plaintiffs in these cases are represented by Public Justice, Emery Celli Brinckerhoff Abady Ward & Maazel, and Scott Elliot Smith, LPA.

(31)   John Doe 12
(32)   John Doe 13
(33)   John Doe 14
(34)   John Doe 15
(35)   John Doe 16
(36)   John Doe 17
(37)   John Doe 18
(38)   John Doe 19
(39)   John Doe 20
(40)   John Doe 21
(41)   John Doe 22
(42)   John Doe 25
(43)   John Doe 27
(44)   John Doe 29
(45)   John Doe 30
(46)   John Doe 31
(47)   John Doe 32
(48)   John Doe 33
(49)   John Doe 34
(50)   John Doe 35
(51)   John Doe 36
(52)   John Doe 37
(53)   John Doe 39
(54)   John Doe 40
(55)   John Doe 41
(56)   John Doe 42
(57)   John Doe 43
(58)   John Doe 44
(59)   John Doe 45
(60)   John Doe 46
(61)   John Doe 47
(62)   John Doe 49
(63)   John Doe 52
(64)   John Doe 54
(65)   John Doe 56
(66)   John Doe 57
(67)   John Doe 58
(68)   John Doe 59
(69)   John Doe 60
(70)   John Doe 62
(71)   John Doe 63
(72)   John Doe 64
(73)   John Doe 66
(74)   John Doe 67
(75)   John Doe 68
(76)   John Doe 69

(77)    John Doe 70
(78)    John Doe 71
(79)    John Doe 72
(80)    John Doe 73
(81)    John Doe 74
(82)    John Doe 75
(83)    John Doe 76
(84)    John Doe 77

**ii.  *Moxley, et al.*, Case No. 2:21-cv-03838**

(1)    Callahan, Ryan
(2)    Carroll, James
(3)    Jackson, Jr., John
(4)    Moxley, Timothy
(5)    Murray, Patrick
(6)    Ross, Everett
(7)    John Doe 78
(8)    John Doe 82
(9)    John Doe 83
(10)    John Doe 84
(11)    John Doe 88
(12)    John Doe 89
(13)    John Doe 90
(14)    John Doe 91
(15)    John Doe 92
(16)    John Doe 94
(17)    John Doe 95
(18)    John Doe 97
(19)    John Doe 98
(20)    John Doe 99
(21)    John Doe 101
(22)    John Doe 103
(23)    John Doe 104

**c.     Ratliff[3] Cases (42 total Plaintiffs active):**

**i.  *Nutter, et al*., Case No. 2:19-cv-02462**

(1)    Cahill, Jack
(2)    Caldwell, Michael
(3)    Coleman, Mark
(4)    DiSabato, Leo
(5)    Glane, Michael
(6)    Henry, Ryan

---

[3] These Plaintiffs are represented by Rocky Ratliff and JC Ratliff.

(7)  Knight, William
(8)  Ladrow, Jeffrey
(9)  Lisy, Thomas
(10)  Long, Elmer
(11)  MacDonald, John Jr.
(12)  Mondalek, Maroon
(13)  Monge, Rick
(14)  Nathanson, Peter
(15)  Overholt, Scott
(16)  Perkins, Christopher
(17)  Roehlig, Tom
(18)  Roskovich, Brian
(19)  Sentieri, Anthony
(20)  Smith, Eric
(21)  Vazquez, Anastacio Tito Jr.
(22)  John Doe 1
(23)  John Doe 2
(24)  John Doe 3
(25)  John Doe 4
(26)  John Doe 5
(27)  John Doe 6
(28)  John Doe 7
(29)  John Doe 8
(30)  John Doe 9
(31)  John Doe 10
(32)  John Doe 11
(33)  John Doe 12
(34)  John Doe 13
(35)  John Doe 14
(36)  John Doe 15
(37)  John Doe 17
(38)  John Doe 18
(39)  John Doe 19

**ii.**  *Ratliff*, **Case No. 2:19-cv-04746**

(1)  Rocky Ratliff

**iii.**  *Canales, et al.*, **Case No. 2:21-cv-02562**

(1)  Canales, Dr. Michael B.
(2)  John Doe 20

    **d.**    **Wright & Schulte Cases (7 total Plaintiffs active):**

        **i.**    *John Does 151-166*, **Case No. 2:20-cv-03817**

        (1)    John Doe 162

        **ii.**    *John Does 172-191 and Jane Doe 1*, **Case No. 2:21-cv-02121**

        (1)    John Doe 174
        (2)    John Doe 176
        (3)    John Doe 182
        (4)    John Doe 183
        (5)    Jane Doe 1

        **iii.**    *John Does 192-217*, **Case No. 2:21-cv-02527**

        (1)    John Doe 195

    **e.**    **Bianco[4] Case (1 active Plaintiff):**

        **i.**    *John Doe*, **Case No. 2:23-cv-01048**

        (1)    John Doe

**3.**    <u>**Claims Revived.**</u>

    **a.**    **Plaintiffs' Positions.**

        **(1)**    **Sharp Cases -** *Garrett, et al.*, **Case No. 2:18-cv-00692;** *Alf, et al.*, **Case No. 2:21-cv-02542:**

        Violation of Title IX, 20 U.S.C. § 1681, et seq.

        **(2)**    **Public Justice Cases -** *Snyder-Hill, et al.*, **Case No. 2:18-cv-00736;** *Moxley, et al.*, **Case No. 2:21-cv-03838:**

        Violation of Title IX, 20 U.S.C. § 1681, et seq.

        **(3)**    **Wright & Schulte Cases –** *John Does 151-166*, **Case No. 2:20-cv03817;** *John Does 172-191 and Jane Doe 1*, **Case No. 2:21-cv-02121;** *John Does 192-217*, **Case No. 2:21-cv-02527:**

        Wright & Schulte, LLC (W&S) takes the position that in all active

---

[4] Plaintiff is represented by Law Offices of John C. Camillus, LLC and Meister Seelig & Fein PLLC.

W&S Complaints, all claims are revived. W&S Plaintiffs did not know they were assaulted by Dr. Strauss and further, they did not know about OSU's knowledge of Dr. Strauss' conduct at the time of each Plaintiff's assault.

**(4)** **Bianco Case** – *John Doe*, **Case No. 2:23-cv-01048:**

(i) John Doe brought Title IX pre-assault claims as John Doe did not appreciate he was assaulted until reading about these lawsuits against OSU regarding Dr. Strauss, and (ii) although John Doe did not bring his action until after the motion to dismiss was decided, similar Title IX pre-assault claims were revived by the Sixth Circuit Court of Appeals.

**(5)** **Ratliff Cases -** *Nutter, et al.*, **Case No. 2:19-cv-02462;** *Ratliff*, **Case No. 2:19-cv-04746;** *Canales, et al.*, **Case No. 2:21-cv-02562:**

We believe that the Claims revived were Violations of Title IX, 20 U.S.C. 1681, et seq.

**b.** **Ohio State's Position:**

Ohio State believes the only claims revived by the Sixth Circuit's decisions in the above-captioned actions are the Title IX claims.

**4.** **Plaintiffs' Positions On Title IX Theories They Are Pursuing.**

**a.** **Sharp Cases -** *Garrett, et al.*, **Case No. 2:18-cv-00692;** *Alf, et al.*, **Case No. 2:21-cv-02542:**

Pre-assault/heightened risk Title IX violations by Defendant.

**b.** **Public Justice Cases -** *Snyder-Hill, et al.*, **Case No. 2:18-cv-00736;** *Moxley, et al.*, **Case No. 2:21-cv-03838:**

Pre-assault/heightened risk Title IX violations by Defendant. Plaintiffs are

not pursuing post-assault Title IX violations.

c.  **Wright & Schulte Cases –** *John Does 151-166*, **Case No. 2:20-cv 03817;** *John Does 172-191 and Jane Doe 1*, **Case No. 2:21-cv-02121;** *John Does 192-217*, **Case No. 2:21-cv-02527:**

W&S is pursuing all Title IX claims pled in the Complaints or amended Complaints for all remaining Plaintiffs. Without limiting what is raised in the Complaints, this includes both Violation of Title IX Claims for Heightened Risk & Hostile Environment.

d.  **Bianco Case –** *John Doe*, **Case No. 2:23-cv-01048:**

(i) John Doe brought Title IX pre-assault claims as John Doe did not appreciate he was assaulted until reading about these lawsuits against OSU regarding Dr. Strauss, and (ii) although John Doe did not bring his action until after the motion to dismiss was decided, similar Title IX pre-assault claims were revived by the Sixth Circuit Court of Appeals.

e.  **Ratliff Cases -** *Nutter, et al.*, **Case No. 2:19-cv-02462;** *Ratliff*, **Case No. 2:19-cv-04746;** *Canales, et al.*, **Case No. 2:21-cv-02562:**

The Ratliff Cases are pursuing all Title IX claims pled in the Complaints for all remaining Plaintiffs, including what is raised in their respective Complaints to include: pre-assault/heightened risk, post assault, as well as hostile environment Title IX violations.

**5.**  **Position on Coordination or Consolidation.**

a.  **Plaintiffs' Positions.**

(1)  **Sharp Cases -** *Garrett, et al.*, **Case No. 2:18-cv-00692;** *Alf, et al.*, **Case No. 2:21-cv-02542; and**

(2)  **Public Justice Cases -** *Snyder-Hill, et al.*, **Case No. 2:18-cv-00736;** *Moxley, et al.*, **Case No. 2:21-cv-03838:**

Plaintiffs' view is that each attorney group should consolidate their cases into one action (under one case number) for each attorney group, and, if a particular attorney group has additional clients it should be permitted to supplement its complaint to add such clients without a motion to amend. Thereafter, the benefits of case coordination outweigh those of consolidation of all of the cases at this stage for the reasons set forth below.

*Coordination will provide efficiency without the need to consolidate*. An order coordinating the discovery process will serve the interests of justice and provide benefits for the court, witnesses, and parties by streamlining depositions, interrogatories, and requests for production. For example, "[i]n multiparty cases with no designated lead counsel, judges sometimes require parties with similar positions to submit a combined set of interrogatories, requests for production, or requests for admission. If voluminous materials are to be produced in response, the responding party may be relieved of the requirement of furnishing copies to each discovering party." Manual for Complex Litigation, §11.423. Effectively managed coordination will ensure that no party will be forced to reinvent the wheel, eliminating the risk of redundant and duplicative processes and expenses. As a result, the parties will be in the best position to respect the Court's time and limit unnecessary burdens on witnesses. Although similar efficiencies can be achieved through consolidation under Rule 42, many of those benefits are addressed by the fact that all the cases at issue have already been assigned to the same district and magistrate judges in this Court, leaving coordination as the best, simplest solution to achieve the desired efficiencies called for in Rule 1.

*Consolidation is inappropriate, particularly at this juncture*. Although consolidation may become appropriate in the future, an order consolidating the cases at this time would be inappropriate for several reasons.

11

First, although we are several years into this litigation, we are at the very early stages of the cases. The Defendant has not answered or raised all of its affirmative defenses, which may differ from one case to another depending on the facts alleged. The Plaintiffs have different legal theories among them, and in certain cases have asserted claims and raised factual issues that are not present in other cases.

Second, of the eleven currently active cases, two are putative class actions that will involve discovery and motion practice under Rule 23, and the remaining nine are individual/mass actions which do not share these issues. *Compare, e.g.*, Manual for Complex Litigation, 4th, § 10.23 ("In litigation involving both class and individual claims, class and individual counsel will need to coordinate"); *with* § 11.213 ("Class certification or its denial will have a substantial impact on further proceedings, including the scope of discovery, the definition of issues, the length and complexity of trial, and the opportunities for settlement."). Thus, even with consolidation there would effectively be two cases to coordinate, Plaintiffs' suggestion coordinates just 5 cases.

Third, some cases include different claims and theories of liability which will likely have an impact on Ohio State's defenses. For example, most of the Plaintiffs in the Public Justice Cases have asserted delayed accrual on the basis that they did not know they were abused, while the Plaintiffs in the Sharp Cases have not asserted delayed accrual on this basis. Cases "should not be consolidated if it would result in increased delay and other unnecessary burdens on parties, such as having to participate in discovery irrelevant to their cases." *Id.* at § 20.11.

Fourth, Plaintiffs are sexual assault survivors and consolidation at this point will traumatize clients who have invested five years in this case with their chosen and trusted counsel, with whom they have developed close and trusting relationships. Consolidation requires that Plaintiffs' highly confidential information about being sexually assaulted be shared with counsel they did not retain.

12

Protecting the confidentiality of this information is why the Court permitted Plaintiffs to proceed as John Does. And designation of lead counsel represents a stripping away of each Plaintiff's chosen counsel and would harm the trusting relationship between a sexual abuse survivor and their counsel.

Finally, given the number of attorneys, consolidation would unnecessarily multiply work and proceedings to the extent the attorneys cannot agree. If the cases were to be consolidated at this relatively early stage of litigation, it may prove difficult to sever them in the event the need were to arise, whereas an order to coordinate would increase efficiency and provide no impediment to consolidation at a later date. Additionally, as has been proposed in other courts, coordinating the discovery process may well shed light on the question of whether later consolidation may be necessary. *See, e.g.*, *RLI Ins. Co. v. Fifth Third Bancorp*, No. 1:14-CV-802, 2015 WL 13021894, at *2 (S.D. Ohio Feb. 18, 2015) (holding that later developments in the case may warrant revisiting the then premature issue of consolidation).

***The Plaintiffs have already demonstrated the ability to coordinate effectively.*** The benefits tied to a coordination order will be amplified by the fact that the Plaintiff parties have already demonstrated a willingness to coordinate efforts to maximize efficient and effective communication. These cases are not marked by infighting or efforts to sabotage efficiency which would threaten or undermine the judicial process. Instead, coordination will enable counsel to "fulfill their obligations as advocates" while still "foster[ing] and sustain[ing] good working relations among fellow counsel and with the court." Manual of Complex Litigation, 4th, § 10.21. Through the mediation process, the motion to dismiss briefing, appellate briefing and argument, at the Sixth Circuit and in response to the two petitions filed by Ohio State, counsel for the Plaintiff groups have cooperated and coordinated efforts to increase efficiencies and best advocate for their

respective clients. There is every reason to believe that the Plaintiff groups will be able to continue their cooperative approach to this litigation, despite differences among their cases, and that the parties will faithfully implement and abide by any coordination directives issued by this Court, obviating the need to consolidate under Rule 42.

**This Court has ample authority to coordinate these cases.** Rule 1 of the Federal Rules of Civil Procedure delineates this Court's obligation "to secure the just, speedy, and inexpensive determination of every action and preceding." Fed. R. Civ. P. 1. In keeping with that overarching obligation, Rule 42 outlines the court's *discretionary* ability to consolidate actions involving "a common question of law or fact," but also provides this Court the option to "issue *any other orders* to avoid unnecessary cost or delay." Fed R. Civ. P. 42 (emphasis added). In exercising its discretion, a court can reject consolidation even where actions include a common question of fact or law. *See In re Auto. Parts Antitrust Litig.*, No. 12-CV-00203, 2016 WL 8200512, at *2 (E.D. Mich. Apr. 13, 2016). In situations where consolidation is premature, not requested by the parties, or is otherwise improper, an order to coordinate discovery is an appropriate method for ensuring the judicial efficiency required under Rule 1. *See Roxane Lab'ys, Inc. v. Abbott Lab'ys*, No. 2:12-CV-312, 2013 WL 5217571, at *3 (S.D. Ohio Sept. 16, 2013).

Moore's Federal Practice elaborates on the benefits of coordination at the discovery stage: "Judges should encourage techniques that coordinate discovery and avoid duplication . . . . Filing or cross-filing deposition notices, interrogatories, and requests for production in related cases will make the product of discovery usable in all cases and avoid duplicative activity." 32 Moore's Federal Practice – Civil § 20.14 (2018). Coordination is especially desirable where, as here, actions "are pending before the same judicial officers" and "[coordination can] minimize the risk and burden of duplicative discovery even without consolidation." *Roxane*, No. 2:12-CV-312, 2013 WL

5217571, at *3. And the Manual for Complex Litigation sets forth additional benefits–and mechanics–of informal, early-stage coordination of related cases. *See* Manual for Complex Litigation, 4th. 10.122, 10.123 Finally, an order for coordination will allow this Court to defer any consideration of the need for consolidation under Rule 42 until after the coordinated discovery process plays out, at which point the propriety of consolidation can either be addressed by the Court and parties, as warranted. *See generally RLI Ins. Co.*, 2015 WL 13021894, at *2 (S.D. Ohio Feb. 18, 2015).

For all the above reasons, Plaintiffs propose that the Plaintiff attorney groups coordinate, to the extent reasonable, to joint conduct discovery of the defense witnesses and documents, including by aiming to have joint depositions of OSU's employees and former employees and by sharing all document discovery obtained from OSU or Perkins Coie. Plaintiffs oppose formal consolidation at this stage; it would be akin to using a sledgehammer to drive a nail—it would certainly get the job done, but with unnecessary force and potentially irreversible consequences. Plaintiffs respectfully submit that coordination is the appropriate precision tool at this stage of litigation.

> **(3)** **Wright & Schulte Cases – *John Does 151-166*, Case No. 2:20-cv-03817; *John Does 172-191 and Jane Doe 1*, Case No. 2:21-cv-02121; *John Does 192-217*, Case No. 2:21-cv-02527:**

W&S agrees that the cases should be coordinated or consolidated for pre-trial purposes for judicial efficiency, but not for any other purpose. This consolidation should be conducted in accordance with the Manual for Complex Litigation.

> **(4)** **Bianco Case – *John Doe*, Case No. 2:23-cv-01048:**

We agree the cases should be coordinated for pre-trial purposes, but not for any other purpose.

       **(5)**    **Ratliff Cases -** *Nutter, et al.*, **Case No. 2:19-cv-02462;** *Ratliff*, **Case No. 2:19-cv-04746;** *Canales, et al.*, **Case No. 2:21-cv-02562:**

The Ratliff cases also concur with the rationale of the Sharp and Public Justice cases that the three Ratliff cases should be consolidated but coordinated with the other cases to provide efficience without total consolidation with the other groups.

      **b.**    **Ohio State's Position:**

Mindful of the Court's admonition not to argue these points, and for the sake of brevity, Ohio State does not believe the separate cases should be consolidated under one case number, but the separate cases should be coordinated for discovery purposes through consultation with Chief Magistrate Judge Deavers as stated by the Court at the July 6, 2023 status conference. The coordination of discovery would necessarily include, among other things, expanding the number of permitted depositions to allow the depositions of all Plaintiffs, all fact witnesses, and all experts. The Court should not permit any additional plaintiffs to be added to the cases without proper motion practice and briefing.

    **6.**    <u>**Anonymous Plaintiffs.**</u>

      **a.**    **Ohio State:** Given the list of remaining Plaintiffs set forth in paragraph 2 *supra*, the identities of the following John Doe Plaintiffs have not yet been disclosed to Ohio State or its counsel.

       **(1)**    *Garrett, et al.*, **Case No. 2:18-cv-00692:**

          John Doe 85
          John Doe 88
          John Doe 89
          John Doe 90
          John Doe 91
          John Doe 92

       **(2)**    *Snyder-Hill, et al.*, **Case No. 2:18-cv-00736**

          John Doe 1

John Doe 2
John Doe 32
John Doe 67
John Doe 68
John Doe 69
John Doe 70
John Doe 71
John Doe 72
John Doe 73
John Doe 74
John Doe 75
John Doe 76
John Doe 77

**(3)** ***Alf, et al.*, Case No. 2:21-cv-02542**

John Doe 93
John Doe 94
John Doe 95
John Doe 96
John Doe 97
John Doe 99
John Doe 100
John Doe 101

**(4)** ***Canales, et al.*, Case No. 2:21-cv-02562**

John Doe 20

**(5)** ***Moxley, et al.*, Case No. 2:21-cv-03838**

John Doe 78
John Doe 82
John Doe 83
John Doe 84
John Doe 88
John Doe 89
John Doe 90
John Doe 91
John Doe 92
John Doe 94
John Doe 95
John Doe 97
John Doe 98
John Doe 99
John Doe 101

John Doe 103
John Doe 104

**(6)** *John Doe*, **Case No. 2:23-cv-01048**

John Doe

**b.** **Plaintiffs' Positions.**

**(1)** **Sharp Cases -** *Garrett, et al.*, **Case No. 2:18-cv-00692;** *Alf, et al.*, **Case No. 2:21-cv-02542; and**

**(2)** **Public Justice Cases -** *Snyder-Hill, et al.*, **Case No. 2:18-cv-00736;** *Moxley, et al.*, **Case No. 2:21-cv-03838:**

OSU first provided the list of purportedly undisclosed John Does shortly before this filing. The Public Justice and Sharp Plaintiffs are working to promptly identify all undisclosed John Does to OSU consistent with this Court's order protecting John Doe confidentiality.

Respectfully submitted,

DAVE YOST
ATTORNEY GENERAL OF OHIO

By: /s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
David J. Barthel (0079307)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
barthel@carpenterlipps.com

*Special Counsel for Defendant*
*The Ohio State University*

18

/s/ Rex A. Sharp
by /s/ Michael H. Carpenter
per email authorization (07/14/2023)

Rex A. Sharp
Larkin Walsh
Sarah T. Bradshaw
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
rsharp@midwest-law.com
lwalsh@midwest-law.com
sbradshaw@midwest-law.com

Simina Vourlis
The Law Office of Simina Vourlis
856 Pullman Way
Columbus, OH 43212
(614) 487-5900
(614) 487-5901 fax
svourlis@vourlislaw.com

Robert Allard
CORSIGLIA, MCMAHON AND ALLARD, LLP
96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
(408) 289-8127 fax
rallard@cmalaw.net

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel.: 216.622.1851
dkaron@karonllc.com

19

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
(610) 200-0580
(610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Sharp Group* Plaintiffs (*Garrett, et al*., Case No. 2:18-cv-00692; *Alf, et al*., Case No. 2:21-cv-02542)

/s/ Scott E. Smith
by /s/ Michael H. Carpenter
per email authorization (07/14/2023)
SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail:ses@sestraillaw.com

Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbalaw.com
E-Mail: dgreenberger@ecbalaw.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

Counsel for the *Public Justice* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:18-cv-00736; *Moxley, et al.*, Case No. 2:21-cv-03838)

20

/s/ Richard W. Schulte
by /s/ Michael H. Carpenter
per email authorization (07/14/2023)
**Richard W. Schulte (0066031)**
**WRIGHT & SCHULTE, LLC**
865 S. Dixie Dr.
Vandalia, OH 45377
(937) 435-7500
(937) 435-7511 facsimile
rschulte@yourlegalhelp.com

Counsel for the *Wright & Schulte* Plaintiffs (*John Does 151-166*, Case No. 2:20-cv-03817; *John Does 172-191 and Jane Doe 1*, Case No. 2:21-cv-02121; and *John Does 192-217*, Case No. 2:21-cv-02527)

/s/ John C. Camillus
by /s/ Michael H. Carpenter
per email authorization (07/14/2023)
John C. Camillus, Trial Attorney (0077435)
Law Offices of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio 43214
(614) 992-1000
(614) 559-6731 (facsimile)
jcamillus@camilluslaw.com

Mitchell Schuster, Esq. (pro hac vice forthcoming)
Benjamin D. Bianco, Esq. (admitted pro hac vice)
Meister Seelig & Fein PLLC
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
(212) 655-3535 (facsimile)
ms@msf-law.com
bdb@msf-law.com

Counsel for the *Bianco* Plaintiff (*John Doe*, Case No. 2:23-cv-01048)

/s/ J.C. Ratliff
/s/ Rocky Ratliff
by /s/ Michael H. Carpenter
per email authorization (07/14/2023)
J.C. Ratliff (0027898)
Rocky Ratliff (0089781)

21

200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile:  740.383.2066
attorney.ratliff@gmail.com
attorneyrockyratliff@gmail.com

Counsel for the Ratliff Plaintiffs (*Nutter, et al.*, Case
No. 2:19-cv-02462; *Ratliff*, Case No. 2:19-cv-04746;
*Canales, et al.*, Case No. 2:21-cv-02562)

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on July 14, 2023. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.


/s/ Michael H. Carpenter
Michael H. Carpenter

Trial Attorney for
Defendant The Ohio State University