# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Brian Garrett, *et al.*, | |
|     Plaintiffs, | Case No. 2:18-cv-692 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
|     Defendant. | |
| | |
| Steve Snyder-Hill, *et al.*, | |
|     Plaintiffs, | Case No. 2:18-cv-736 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
|     Defendant. | |
| | |
| Nicholas Nutter, *et al.*, | |
|     Plaintiffs, | Case No. 2:19-cv-2462 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
|     Defendant. | |

Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
*2:21-cv-2562; 2:21-cv-3838; 2:23-1048*

| | |
|---|---|
| Rocky Ratliff, | |
| Plaintiff, | Case No. 2:19-cv-4746 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
| Defendant. | |

| | |
|---|---|
| John Does 151-161, *et al.*, | |
| Plaintiffs, | Case No. 2:20-cv-3817 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
| Defendant. | |

| | |
|---|---|
| John Does 172-191, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 2:21-cv-2121 |
| The Ohio State University | Judge Michael H. Watson |
| Defendant. | Magistrate Judge Preston Deavers |

Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048

| | |
|---|---|
| John Does 192-217, | |
| Plaintiffs, | Case No. 2:21-cv-2527 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
| Defendant. | |

| | |
|---|---|
| Michael Alf, *et al.*, | |
| Plaintiffs, | Case No. 2:21-cv-2542 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
| Defendant. | |

| | |
|---|---|
| Michael Canales, *et al.*, | |
| Plaintiffs, | Case No. 2:21-cv-2562 |
| v. | Judge Michael H. Watson |
| The Ohio State University | Magistrate Judge Preston Deavers |
| Defendant. | |

Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048

Timothy Moxley, *et al.*,

    Plaintiffs,

v.

The Ohio State University

    Defendant.

Case No. 2:21-cv-3838

Judge Michael H. Watson

Magistrate Judge Preston Deavers

---

John Doe,

    Plaintiff,

v.

The Ohio State University

    Defendant.

Case No. 2:23-cv-1048

Judge Michael H. Watson

Magistrate Judge Preston Deavers

## OPINION AND ORDER

This Order is issued in response to the parties' joint notice, ECF No. 211,[1] and is intended to address several housekeeping matters.

First, the parties represent that there are approximately 236 individual plaintiffs who intend to continue litigation, two of whom wish to represent a class. Joint Notice 2, ECF No. 211. Those 236 plaintiffs are currently members of

---

[1] For efficiency, all references to the joint notice will cite ECF No. 211 in Case No. 2:18-cv-692, notwithstanding the fact that the joint notice was filed in multiple dockets.
Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048

eleven separate cases and are represented by five different plaintiffs' attorney groups. *Id.* at 2–7.

The attorney groups seem to unanimously recommend[2] that each attorney group consolidate into one case, under one docket number, each action involving a plaintiff that attorney group represents. *Id.* at 11. Thus, the eleven cases would become five active cases, each with its own new docket number.

Defendant does not specifically opine whether the eleven cases should be consolidated into five but, as noted below, does oppose consolidating all eleven cases into a single docket. *See id.* at 16.

The Court approves the attorney groups' request to consolidate the eleven active cases into five new cases, each with a separate case number. Each case shall include all plaintiffs currently represented by that attorney group and no additional plaintiffs. An Order to this effect will issue in the future, and the filings shall not be made until the issuance of said Order.

Second, on a going-forward basis, some attorney groups recommend they be permitted to add additional plaintiffs to their consolidated action without moving to amend the pertinent complaint. *Id.* at 11.

Defendant opposes this approach and argues Plaintiffs should move for leave to amend before adding plaintiffs in the future. *Id.* at 16.

---

[2] Two attorney groups recommend it; none oppose.
Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048

The Court denies this aspect of the attorney groups' request. Counsel must move for leave to amend a Complaint before adding new plaintiffs.

Third, most attorney groups urge the Court to coordinate discovery among the five to-be-docketed cases but to not consolidate those cases. *Id.* at 11–16. One attorney group is open to consolidating the five cases for pretrial purposes only. *Id.* at 15.

Defendant argues that discovery in the cases should be coordinated, but the cases should not be consolidated. *Id.* at 16.

The Court agrees that discovery can be coordinated amongst the five to-be-filed cases without formally consolidating every case into one docket. Coordination will be an iterative process between the Court and all counsel, who will work together to maximize efficiencies and minimize needless or repetitive filings and hearings, not to mention billing. If any counsel wish to formally consolidate the cases in the future, they shall bring the issue to the Court's attention for further consideration.

Fourth, the responses by the Sharp, Public Justice, and Bianco attorney groups sufficiently set forth their positions as to the revived claims and theories of the same. Accordingly, it is the Court's understanding that, at this juncture, the to-be-filed Sharp, Public Justice, and Bianco cases will assert only a Title IX claim that will proceed on only a pre-assault/heightened risk theory. *Id.* at 8–10.

Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048    Page 6 of 9

The Wright & Schulte and Ratliff responses, however, were insufficient. As the Court told counsel, "I want to know what claims you believe are revived after the Sixth Circuit's opinions. For example, claims dismissed on sovereign immunity might remain dismissed." 7/6/23 Hrg. Tr. 9:14–16, ECF No. 210. As for the theory of liability on a given claim, the Court similarly stated, "I want clarity on whether Plaintiffs are pursuing any post-assault claims or whether we're moving forward only on pre-assault, heightened risk claims. . . . I want to know who's pursuing which theory of liability." 7/6/23 Hrg. Tr. 9:17–24.

Nonetheless, Wright & Schulte's response stated merely that "all claims are revived" and that it is pursuing "all Title IX claims pled in the Complaints or amended Complaints[,]" *including* heightened risk and hostile environment. Joint Notice 8–10, ECF No. 211. Similarly, Ratliff responded that "all Title IX claims pled in the Complaints" were revived "to include: pre-assault/heightened risk, post assault, as well as hostile environment[.]" *Id.* 8, 10.

The Court asked for clarity precisely because it was difficult to discern from the existing Complaints and briefing on the prior motions to dismiss which claims (and/or theories) different attorney groups were pursuing. *See, e.g.*, Op. and Order 1 n.1, ECF No. 39, Case No. 2:19-cv-4746. It is therefore unhelpful for counsel to use broad language and to simply refer to a Complaint. Moreover,

Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048

Page 7 of 9

words like "including" are vague given the Court's attempt to solidify the existing landscape.[3]

Accordingly, Wright & Schulte and Ratliff are **ORDERED** to supplement the joint notice within **TEN DAYS** with a notice that states *exactly* which claims they intend to pursue going forward that they believe were contained in the already filed Complaints. Moreover, the notice shall include an exhaustive identification of the theories each attorney group intends to pursue for each claim.

Upon the filing of that supplement, the Court will issue an order directing the attorney groups to file consolidated complaints into five separate actions. Depending on the claims Wright & Schulte and Ratliff identify, the Court will order, if necessary, expedited briefing regarding whether particular claims should be immediately dismissed as not revived by the Sixth Circuit's Opinion and Order.

Finally, Defendant represents that Plaintiffs have not yet disclosed the identities of some of the John Doe Plaintiffs. Notice 16–18, ECF No. 211. The Sharp and Public Justice Plaintiffs represent that they "are working to promptly identify all undisclosed John Does to OSU." *Id.* at 18.

---

[3] It is not the Court's intent at this point to prevent counsel from ever amending their Complaints. Rather, it is imperative that the Court and all parties involved begin remand proceedings with a shared understanding of the scope of claims and theories involved and remain on the same page throughout these proceedings to avoid guesswork. *E.g.*, Op. and Order 21, ECF No. 197, Case No. 2:18-cv-692 ("Plaintiffs also arguably allege . . . .").

Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048     Page 8 of 9

Within **FIVE DAYS** after the five to-be-filed cases are filed, the parties shall file a joint notice outlining the status of the disclosures of John Doe Plaintiffs' identities. If the parties believe they need Court intervention, they shall request the same from Magistrate Judge Deavers.

IT IS SO ORDERED.

*[signature]*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

*[signature]*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

Case Nos. 2:18-cv-692; 2:18-cv-736;
2:19-cv-2462; 2:19-cv-4746; 2:20-cv-3817;
2:21-cv-2121; 2:21-cv-2527; 2:21-cv-2542;
2:21-cv-2562; 2:21-cv-3838; 2:23-1048